UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SUSTRICK,<br><br>Plaintiff,<br><br>v.<br><br>CI CAPITAL PARTNERS LLC, et al.,<br><br>Defendants. | Case No. 24-cv-06463-SK<br><br>**ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND CONTINUING BRIEFING AND HEARING ON MOTION TO DISMISS**<br><br>Regarding Docket No. 76 |

Now before the Court is Plaintiff's motion for leave to file a motion for reconsideration of the Court's Order on Defendants' motion to dismiss issued on May 5, 2025. A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c). A motion for reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Absent highly unusual circumstances, a motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff argues that new facts have emerged and the Court failed to consider material facts

or dispositive legal arguments with respect to his claim for retaliation under the Dodd-Frank Act. The Court granted the motion to dismiss Plaintiff's retaliation claim under the Dodd-Frank Act for multiple reasons, including that Plaintiff had not report a violation of the securities law to the Securities and Exchange Commission before bringing his claim in this Court. (Dkt. No.61 at p.9.) Plaintiff argues that he filed a report with the SEC *after* the Court's Order and that the Court erred as a result. However, the Supreme Court made clear that a plaintiff may not bring a claim for retaliation under the Dodd-Frank Act unless the plaintiff provided information to the SEC *before* being terminated by his or her employer. *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 163 (2018).

Next Plaintiff argues that the Court erred when it determined that Plaintiff had not alleged sufficient facts which, if true, would establish that CI Capital Partners LLC ("CI Capital") could be held liable for the acts of Mariani Enterprises LLC ("Mariani"). Plaintiff argues that the Court misunderstood the nature of CI Capital's relationship and control over Mariani as its registered investment advisor. However, Plaintiff must allege and eventually prove facts to show: (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." (Dkt. No. 61 (quoting *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (citations omitted)). The Court held that Plaintiff's allegation that CI Capital was the manager of Mariani as its portfolio company investment and adviser to its investors was insufficient. (*Id.*) Moreover, Plaintiff has not and cannot allege that *Mariani* is a publicly traded company as required to state a claim under the Sarbanes-Oxley Act. Nor did Plaintiff allege that he was terminated because he provided information regarding mail fraud, wire fraud, bank fraud, securities fraud, or any federal law relating to fraud against shareholders, as is also required to state a claim under the Sarbanes-Oxley Act. Merely disagreeing with the Court's Order is insufficient to show that reconsideration is warranted. Plaintiff fails to demonstrate that there is a material difference in fact or law than was presented to the Court, that new facts have emerged or the law has changed, or that the Court failed to consider material facts or dispositive legal arguments that was presented to it. Accordingly, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

On July 24, 2025, Mariani filed a motion to dismiss Plaintiff's Second Amended

Complaint and noticed it to be heard on September 8, 2025.  Pursuant to Northern District of California Local Rule 7-3(a), Plaintiff's response was due by August 7, 2025.  To date, Plaintiff has not filed an opposition brief.  However, in light of Plaintiff's pending motion for leave to file a motion for reconsideration of the Court's Order granting a previous motion to dismiss Plaintiff's First Amended Complaint, Plaintiff could have misunderstood that his response to the pending motion to dismiss was still due by August 7, 2025.  Accordingly, the Court HEREBY EXTENDS the briefing schedule.  Plaintiff shall file his opposition to the motion to dismiss his Second Amended Complaint by no later than September 4, 2025.  Mariani shall file it's reply, if any, by no later than September 11, 2025.  The Court CONTINUES the hearing on Mariani's motion to dismiss to September 29, 2025.

**IT IS SO ORDERED**.

Dated: August 21, 2025

SALLIE KIM
United States Magistrate Judge

3